UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| CENTRAL CALIFORNIA IBEW/NECA PENSION TRUST, *et al.*,<br><br>           Plaintiffs,<br>   v.<br>OZZIMO ELECTRIC, INC.,<br><br>           Defendant.<br>_____/ | No. C 13-03800 JSW (LB)<br><br>**REPORT AND RECOMMENDATION REGARDING DAMAGES** |

**INTRODUCTION**

Plaintiffs ― the collective-bargaining representative and trustees of employee-benefits plans for employees working as electrical workers ― sued Defendant Ozzimo Electric for failing to pay employee fringe benefits in violation of the parties' collective-bargaining agreements ("CBAs"). (Compl. – ECF No. 1.)[1] The court previously recommended that the district judge grant Plaintiffs' motion for default judgment, and the district judge then granted it, which resulted in: (1) an award of fees of $6,273.50 and costs of $520.07; and (2) an order for a payroll audit covering January 2010 to the present and any monthly transmittals from March 2012 to the present to establish the unpaid contributions. (ECF Nos. 20, 22.) Plaintiffs have now submitted their audit. The undersigned

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of the documents.

recommends that the district judge enter judgment for $237,475.92.

**STATEMENT**

This statement incorporates by reference the facts in the initial report and recommendation establishing the filing of the complaint, the allegations in it, its service on Ozzimo, and the service of both the entry of default and the default-judgment motion on Ozzimo. (*See* ECF No. 20.) The record reflects that Plaintiffs also served the undersigned's report and recommendation on Ozzimo. (ECF No. 21.) As set forth in the January 23, 2014 report and recommendation, the terms of the CBA required Ozzimo to make timely monthly contributions for the benefit of its employees. (1/24/14 Report and Recommendation – ECF No. 20 at 3.) The complaint sought an audit to determine what Ozzimo had failed to pay in required contributions "during the period of the statute of limitations," the amounts that that audit ultimately discovered Ozzimo owed, as well as missing monthly transmittals from March 2012 to the present. (Compl. – ECF No. 1 at 5, 8.) Plaintiffs also asked for an order compelling Ozzimo to produce documents from January 2010 forward to facilitate the audit; the undersigned recommended that the district judge grant, and the district judge later did grant, that request. (*See* ECF Nos. 20, 22.)

In its order granting default judgment and ordering the audit, the district court retained jurisdiction "for the limited purpose of permitting Plaintiffs to file a second submission detailing any unpaid contributions that are revealed by the audit." (ECF No. 22 at 1.) On February 27, 2015, Plaintiffs filed the necessary submission and attached the audit, which had been conducted by Miller Kaplan Arase LLP, a certified public accounting firm. (*See* ECF Nos. 29 at 2, 29-1 at 7.) The audit shows $139,352.85 in unpaid or underpaid contributions. (ECF No. 29 at 5.) Plaintiffs additionally seek interest of $69,496.79, liquidated damages of $13,935.28, attorney's fees of $10,506.00, and the costs of the audit of $4,185.00, which brings the total amount sought to $237,475.92. (*Id.*) Defendants were served with the results of the audit on February 27, 2015. (ECF No. 29 at 7.)

**RELIEF SOUGHT**

Under ERISA and the CBAs, when contributions are unpaid, Plaintiffs may recover: (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) an amount equal to the greater of the interest on the unpaid contributions or liquidated damages as specified in the plan (generally not

to exceed 20% of the unpaid contributions); (4) reasonable attorney's fees and costs; and (5) such other legal and equitable relief as the court deems appropriate. *See* 29 U.S.C. § 1132(g)(2); (CBA – ECF No. 11-4 at 27, § 6.08).

For the damages claim under 29 U.S.C. § 1132(g)(2), Plaintiffs must prove their entitlement to relief through written declarations and fulfill the following three requirements: (1) the defendant must be delinquent in its contributions at the time the action is filed; (2) the district court must enter judgment against the defendant; and (3) the plan must provide for the damages sought. *Nw. Admin'rs, Inc. v. Albertsons, Inc.*, 104 F.3d 253, 257-58 (9th Cir. 1996); *Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 215 (9th Cir. 1989). If these requirements are met, then an award of contributions, liquidated damages, and reasonable attorney's fees and costs is mandatory. *Northwest Administrators*, 104 F.3d at 257-58; *Bd. of Trs. v. RBS Washington Blvd. LLC*, No. C 09-06660 WHA, 2010 WL 145097, at *3 (N.D. Cal. Jan. 8, 2010).

For the liquidated-damages demand, the court applies federal contract law to determine whether those damages are reasonable. *See Idaho Plumbers*, 875 F.2d at 214-18. Liquidated damages must meet two requirements: (1) the harm caused by the breach of contract must be difficult or impossible to estimate; and (2) the amount of liquidated damages must be a reasonable forecast of compensation for the harm caused. *Id.*; *United Order of Am. Bricklayers & Stone Masons Union No. 21 v. Thorleif Larsen & Son, Inc.*, 519 F. 2d 331, 337 (9th Cir. 1975) (upholding liquidated-damages provision in collective-bargaining agreement of 10% of unpaid contributions).

The earlier report and recommendation could not fully evaluate the default-judgment test set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), because the "sum of money at stake in the litigation" — which is *Eitel's* last factor — was unknown before the audit. (*See* ECF No. 20 at 7-8.) As discussed below, the undersigned now finds that the damages and fees sought are warranted and reasonable, and that the "money at stake" does not impede this last element of the requested default judgment.

Two further principles guide the court's damages inquiry. First, in assessing the *Eitel* factors, all factual allegations in the complaint are taken as true, except those with regard to damages. *See*

*Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). "To recover damages after securing a default judgment, a plaintiff must prove the relief it seeks through testimony or written affidavit." *Bd. of Trustees of the Laborers Health & Welfare Trust Fund for N. Cal. v. A & B Bldg. Maint. Co. Inc.*, C 13-00731 WHA, 2013 WL 5693728, at *4 (N.D. Cal. Oct. 17, 2013); *see also Bd. of Trustees of Bay Area Roofers Health & Welfare Trust Fund v. Westech Roofing*, 12-CV-05655-JCS, 2014 WL 2085339, at *8 n.13 (N.D. Cal. May 19, 2014) ("It is Plaintiffs' burden on default judgment to establish the amount of their damages.").

Second, under Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).  The purpose of this rule is to ensure that a defendant is put on notice of the damages being sought against him so that he may make a calculated decision as to whether or not it is in his best interest to answer. *In re Ferrell,* 539 F.3d 1186, 1192-93 (9th Cir. 2008); *Board of Trs. of the Sheet Metal Workers Local 104 Health Care Plan v. Total Air Balance Co.*, No. 08-2038 SC, 2009 WL 1704677, at *3-5 (N.D. Cal. June 17, 2009).

The court now turns to Plaintiffs' requested relief.

**A.  Unpaid and Underpaid Contributions, Interest, and Liquidated Damages**

As Plaintiffs describe matters in their brief, and as the documents submitted demonstrate, Ozzimo failed to pay or underpaid contributions on behalf of its covered employees from January 2009 through September 2011. (*See* Ling Decl. – ECF No. 29-1 at 2, ¶¶ 2-3.) The unpaid principal contributions total $139,352.85.  (*Id*. ¶ 3.)

Furthermore, under the CBAs' terms, Ozzimo is liable for interest of 10% per annum calculated from the day contributions are considered delinquent, as well as for liquidated damages, calculated at 10% on the assessed funds. (ECF No. 11, Exhibit D at 9-10.)  Calculated at 10% per month from the month in which each delinquent contribution for each Trust Fund was recorded and accumulated, Ozzimo owes $69,496.79 in total interest. (ECF No. 29 at 4-5.) Calculated at 10% of the principal owed, Plaintiffs are entitled to an additional $13,935.28 in liquidated damages.

In sum, for unpaid and underpaid contributions, liquidated damages, and interest, Plaintiffs are entitled to an award under 29 U.S.C. §§ 1132(g)(2)(A), (B) and (C) as follows:

| | | |
|---|---|---|
| Unpaid/Underpaid Contributions: | | $139,352.85 |
| Interest: | | $69,496.79 |
| Liquidated Damages: | | $13,935.28 |
| **Subtotal:** | | **$222,784.92** |

(ECF No. 29 at 4-5.)

This amount is within the relief sought by the Complaint. Plaintiffs there asked for the "unpaid principal" that the audit "discovered," interest on that principal, liquidated damages, and attorney's fees. (ECF No. 1 at 8.) The unpaid principal consisted of unpaid and underpaid contributions "during the period of the statute of limitations." (*Id.* at 5, ¶ 11.) The missed contributions from January 2009 that the audit discovered, and which Plaintiffs now request, fall within this requested range. In ERISA actions, including those that involve collective-bargaining agreements, "federal courts apply the state statute of limitations for breach of a written contract." *Trs. of Operating Eng'rs Pension Trust v. Smith-Emery Co.*, 906 F. Supp. 2d 1043, 1058 (C.D. Cal. 2012) (citing *N. Cal. Retail Clerks Unions Pension Trust v. Jumbo Markets*, 906 F.2d 1371, 1372 (9th Cir. 1990)). California's applicable statute of limitation is four years. *Smith-Emery*, 906 F. Supp. 2d at 1058. "Because the cause of action is federal, however, federal law determines the time at which the cause of action accrues." *Jumbo Markets*, 906 F.2d at 1372. A cause of action like the present one accrues when the plaintiff knows or has reason to know that the employer has not paid, or has underpaid, a required contribution to the trust. *See id.*; *Price v. Provident Life & Acc. Ins. C o.*, 2 F.3d 986, 988 (9th Cir. 1993); *Jumbo Markets*, 906 F.2d at 1372.

From the Complaint, it appears that Plaintiffs discovered that Ozzimo had missed or underpaid required contributions by November 2012. (*See* ECF No. 1 at 5, ¶ 14.) It was then that they asked Ozzimo for "documents . . . necessary for the completion of an audit." (*Id.*) This would have triggered the limitations period. *Smith-Emery*, 906 F. Supp. 2d at 1059 ("[P]laintiffs had reason to know of missing contributions once they decided that an audit was necessary . . . ."). Plaintiffs filed this case on August 15, 2013, within the four-year limitations period. All their claims for unpaid and underpaid contributions are thus timely. *Id.* at 1060 (reasoning that if plaintiffs filed within the statutory period after "they first formally requested an audit," then "none of their claims," including

those going back six years, "would be time-barred by [California's] four-year statute of limitations").

The principal amounts that Plaintiffs request, encompassing missed or underpaid contributions from January 2009, are thus within the request of the Complaint; the relief they seek (damages, interest, and fees) does "not differ in kind from, or exceed in amount, what is demanded in the pleadings," Fed. R. Civ. P. 54(c), and so may be properly awarded on default judgment.

**B. Attorney's Fees**

Plaintiffs also seek attorney's fees for the work that their lawyers have done since the court's last report and recommendation. That earlier report and recommendation awarded the Plaintiffs' lawyers fees and costs for work done and amounts spent before they filed their motion for default judgment. (*See* ECF No. 20 at 8-10; Quail Decl. – ECF No. 11 at 4-5, ¶ 15-19; Invoices – ECF No. 11-7.) Their supplemental brief now seeks fees for new work done on, and after, the default-judgment motion of November 26, 2013. (*See* Ling Decl. – ECF No. 29-1 at 3-4, ¶ 9 and n. 1; Invoices – ECF No. 29-1 at 25-48.)

Plaintiffs request the following fees: $8,166.00 (30.6 hours at $235 per hour, totaling $7,191.00; and 2 hours at $195 per hour, totaling $975.00). (Ling Decl. – ECF No. 29-1 at 3-4, ¶¶ 8-9.) Plaintiffs also request $2,340.00 for 12 hours (at $195 per hour) for February 2015 hours that their attorneys' billing system invoiced for February 2015. (*Id.*) The invoiced fees of $8,166.00 combined with the February invoices of $2,340.00 amounts to a total requested attorney's fee of $10,506.00.

An award for reasonable fees and costs is mandatory because there are unpaid contributions and the plan provides for reasonable fees and costs. *See Northwest Administrators*, 104 F.3d at 257-58. Specifically, the CBAs provide for reimbursement of attorneys' fees and costs, audit fees, and all other expenses incurred in collecting the delinquent contributions. (*See* ECF No. 11-5 at 12.)

To determine a reasonable attorney's fee award in cases such as this, courts use the lodestar method. *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010). The court calculates a lodestar amount by multiplying the number of hours counsel reasonably spent on the litigation by a reasonable hourly rate. *Id.*

### 1. Reasonable Hourly Rate

The attorney billing rates charged here were $195-$235 per hour. (ECF No. 29-1 at 3.) In the earlier report and recommendation, taking into account rates that courts in this district have approved in other ERISA cases, the undersigned found that the $235 rate was reasonable. (ECF No. 20 at 9-10.) The $195 rate is likewise reasonable. This district has found higher rates to be acceptable in ERISA cases. *E.g., Day v. SBC Disability Income Plan*, No. 06-1740, 2008 WL 2783482 at *2 (N.D. Cal. July 17, 2008) (attorney rate of $450 per hour was reasonable); *Trs. on Behalf of Teamsters Benefit Trust v. Casey's Office Moving Servs.*, No. 05-4157, 2007 WL 1031320 at *5 (N.D. Cal. Apr. 3, 2007) (determining that for a relatively simple trust collection $250 per hour was reasonable); *Bd. of Trs. of Boilermaker Vacation Trusts v. Skelly, Inc.,* 389 F. Supp. 2d 1222, 1227-28 (N.D. Cal. 2005) (associate's rate of $225 per hour and partner's rate of $385 per hour were reasonable); *May v. Metro. Life Ins. Co.*, No. 03-5056, 2005 WL 839291 at *4 (N.D. Cal. April 7, 2005) (approving reasonable rates for plaintiffs' attorneys of $350 and $395 per hour).

### 2. Reasonable Hours Expended

Reasonable hours expended on a case are hours that are not "'excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The party requesting fees must provide detailed time records documenting the task completed and the time spent. *See Hensley*, 461 U.S. at 434; *McCown*, 565 F.3d at 1102; *Welch*, 480 F.3d at 945-46.

Here, the total of 47.6 hours, spent from November 26, 2013 through December 2014, includes drafting the Motion for Default Judgment, Plaintiff's Response to an Order to Show Cause, and Motion for Extension of Time to File Supplemental Brief. (*See* Invoices – ECF No. 29-1 at 25-48.) In addition, Plaintiffs' counsel conducted conferences and communicated with Plaintiffs, the Trust Funds (and their administrator), and general contractors. (*Id.*) The court finds these billings to be reasonable, in line with the timeline of this action, and necessary for its prosecution.

Plaintiffs also request $2,340.00 for work conducted in 2015, including procuring documents for the audit, communicating with Ozzimo regarding the audit, and preparing Plaintiff's supplemental brief. The court finds these billings too to be reasonable, in line with the timeline of this action,

necessary for its prosecution.

(Again, the fees and costs that the undersigned previously recommended, and that the district judge granted, were for work done and expenses incurred *before* the motion for default judgment. The current fee request is for subsequent work. (*See* Ling Decl. – ECF No. 29-1 at 3-4, ¶ 9 and n. 1; Invoices – ECF No. 29-1 at 25-48.))

Applying the hourly rates to the recommended hours, the court ultimately recommends that Plaintiffs be awarded $10,506.00 in attorney's fees.

**C. Audit Costs**

Plaintiffs additionally seek the cost of conducting the audit, as provided for under the CBAs. (ECF No. 29-1 at 4; ECF No. 11, Exhibit D at 12.) Plaintiffs have filed invoices from the auditing firm in the total amount of $4185. (ECF No. 29-1 at 50-61.) That is the amount they request as audit costs, and it is the amount that the undersigned recommends they be awarded.

**CONCLUSION**

The court has reviewed the audit documents and notes that Defendant has not disputed them. The court has reviewed the audit, finds nothing in it to suggest that it is unreliable, and finds a total award of $237,475.92 appropriate. *See Bd. of Trustees, in their capacities as Trustees of the Cement Masons Health & Welfare Trust Fund for N. California v. SLR Concrete Const., Inc.*, 2010 WL 5422562 (N.D. Cal. Dec. 28, 2010); *Dist. Council 16 N. Cal. Health & Welfare Fund v. Mortensen's Carpets, Inc.*, 2010 WL 1956725 (N.D. Cal. May 13, 2010).

Based on the foregoing, the undersigned **RECOMMENDS** that the district judge **ORDER** Ozzimo to pay Plaintiffs a total of $237,475.92 for unpaid or underpaid contributions, attorney's fees, and audit costs. Any party may file objections to this Report and Recommendation with the district judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72. Failure to file an objection may waive the right to review of the issue in the district court.

The court **ORDERS** Plaintiffs to serve a copy of this report and recommendation on Ozzimo.

**IT IS SO ORDERED.**

Dated: April 2, 2015

_____
LAUREL BEELER
United States Magistrate Judge